UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EARL BUTLER,

    Petitioner,

vs.    Case No. 02-74566

UNITED STATES OF AMERICA,    HON. AVERN COHN

    Respondent.
_____/

**ORDER
DISMISSING PETITIONER'S "INDEPENDENT SUIT" (Doc. 14)
AND
MOOTING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (Doc. 13)
AND
MOTION TO COMPEL (Doc. 12)**

I.

Petitioner James Earl Butler was a defendant in a criminal case in this district involving a RICO conspiracy and heroin conspiracy directed at an organization known as Young Boys Incorporated.[1] See United States v. James Earl Butler, no. 87-CR-80648. Butler is apparently serving time in a state prison because of state convictions for first-degree murder and felony firearm in People v. James Earl Butler, Detroit Recorder's Court No. 87-003100.

On October 17, 2002, Butler filed a "motion for privacy act order," seeking the disclosure of grand jury materials. The Clerk construed the motion as a civil complaint, arranged for assignment of a civil case number, and granted Butler in forma pauperis

---

[1] Butler was acquitted in 1988 following a jury trial. The docket sheet reflects that the case against him was terminated as of June 11, 1992.

status.  The government filed a motion to dismiss.  The Court granted the motion and dismissed the case in 2003.  (Doc. 10).

Now, almost fifteen (15) years later, Butler filed a motion for appointment of counsel (Doc. 13), a motion to compel (Doc. 12) and a paper styled "Independent Suit in Equity ... pursuant to the Federal Rules of Civil Procedure Rule 60(d)(1) and 60(d)(3)." (Doc. 14).  The Clerk docketed the motions and "Independent Suit" in this case.  For the reasons that follow, Butler's "Independent Suit" will be dismissed and his motions for appointment of counsel and to compel will be denied as moot.

## II.

The Court has read Butler's "Independent Suit."  As best as can be gleaned, Butler asks the Court to "relieve him from a fraudulently procured state judgment" which Butler says derived in part from grand jury proceedings in his federal criminal case.

## III.

The Sixth Circuit has found that the elements of an independent action for relief from judgment are:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and the absence of any adequate remedy at law.

Mitchell v. Rees, 651 F. 3d 593, 595 (6th Cir. 2011).  More importantly, an independent action pursuant to Federal Rule of Civil Procedure 60 is "available only to prevent a grave miscarriage of justice."  Id. (quoting United States v. Beggerly, 524 U.S. 38, 47 (1998)). Butler is not entitled to maintain an independent action for relief from judgment

under Rule 60(d) for several reasons.

First, Butler is seeking to vacate a state court judgment. The proper vehicle to challenge a state court conviction is a habeas petition under 28 U.S.C. § 2254, not a Rule 60(d) motion.[2] Second, Butler's "Independent Suit" was filed in his 2002 case which sought grand jury documents. As noted above, the Court dismissed the case. Butler did not appeal. Putting aside that Butler has waited to seek relief under Rule 60(d) fifteen years after the dismissal, there is nothing in his "Independent Suit" which explains how the Court erred in dismissing his 2002 case. Moreover, to the extent Butler is seeking relief from his federal criminal case, because Butler was acquitted, there is no "judgment" in his federal criminal case upon which he could seek relief.

IV.

For the reasons stated above, Butler's "Independent Suit" is DISMISSED. In light of this determination, Butler's motion for the appointment of counsel and motion to compel are DENIED AS MOOT.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 8/16/2018
Detroit, Michigan

---

[2] A search of the electronic case filing system reveals that in 2005 Butler filed a habeas corpus petition in this district challenging his state court convictions for first-degree murder and felony-firearm. The petition was dismissed as untimely. See Apr. 10, 2006 Order, Butler v. Davis, No. 05-72727. In 2015, Butler filed a second habeas petition in this district, which was transferred to the Court of Appeals for the Sixth Circuit as a successive petition. See Feb. 13, 2015 Order, Butler v. Woods, No. 15-10125.